| | |
|---|---|
| THOMAS A. CORE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA CONTROLLERS OFF,<br><br>Defendant. | No. 2:18-cv-155-MCE-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Thomas Core, proceeding without counsel, initially commenced this action on January 24, 2018, and ultimately paid the filing fee. (ECF No. 1.)

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of

1

citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

Liberally construed, plaintiff's complaint alleges that the State of California Controller's Office (Division of Unclaimed Property) improperly took plaintiff's gold stocks issued on February 16, 1930 from a safe deposit box.  To the extent that the complaint raises some type of civil claim for conversion or misappropriation of property, such a claim would be a state law tort claim over which this court does not have federal question jurisdiction.  Nor does this court have diversity of citizenship jurisdiction, because both plaintiff and defendant are citizens of California.

Therefore, the court lacks subject matter jurisdiction over the action and recommends that the case be dismissed.  However, such dismissal should be without prejudice, allowing plaintiff to pursue any potential claims in state court or another appropriate venue.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.
2. The Clerk of Court be directed to close this case.

IT IS ALSO HEREBY ORDERED that:

1. All presently set dates and hearings in this case are VACATED.
2. All pleading, discovery, and motion practice in this action are STAYED pending resolution of these findings and recommendations.  With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain any motions or other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: September 4, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE